# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW KERSHNER,<br>   Plaintiff,<br><br>v.<br><br>KOMATSU LTD., *et al.*,<br>   Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 17-4787<br>:<br>:<br>: |

## MEMORANDUM OPINION

Rufe, J.                                           April 10, 2018

  Plaintiff Matthew Kershner brings this action against Defendants Komatsu Ltd. and related entities[1] alleging he suffered serious injuries in an accident involving a Komatsu bulldozer. Defendants filed a motion to transfer this action to the United States District Court for the Western District of Pennsylvania.[2] For the reasons set forth below, the Court will grant the motion to transfer.

## I.  BACKGROUND

  The following facts are uncontested. In 2015, Plaintiff was working as a bulldozer operator for Double Eagle Energy Services, LLC on a pipeline project that covered parts of Southeastern Ohio, Western Pennsylvania, and the northern tip of West Virginia. On August 1, 2015, while working in Beallsville, Ohio, which is located in the Southern District of Ohio near the Pennsylvania and West Virginia borders, Plaintiff fell and sustained serious injuries when he attempted to exit a bulldozer. Plaintiff was immediately transported to Wheeling Medical Park in Wheeling, West Virginia for emergency medical treatment. However, due to the severity of

---

[1] The related entities are named as follows: Komatsu America Corporation, U.S. Komatsu, Inc., Komatsu America Manufacturing Corp., Komatsu Mining Systems, Inc., and H&E Equipment Services, Inc.

[2] Defendants originally filed a motion to dismiss pursuant to 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a), or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). In their reply brief, Defendants withdrew "their request for outright dismissal of the case on the basis of improper venue, but . . . [sought to] proceed[] on their alternative request for relief that this case be transferred to the Western District of Pennsylvania." Defs.' Reply at 1.

his injuries, he was moved to the University of Pittsburgh Medical Center ("UPMC") in Pittsburgh, Pennsylvania, later that same day. Plaintiff underwent two emergency surgeries and was hospitalized at UPMC, in the Western District of Pennsylvania, for approximately two weeks. Thereafter, Plaintiff was transferred to a healthcare facility in Williamsport, Pennsylvania, located in the Middle District of Pennsylvania, near his home.

On September 25, 2017, Plaintiff initiated this action in the Court of Common Pleas for Philadelphia County. Defendants removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendants are residents of Louisiana, Illinois, Tennessee, and Japan.[3] Defendants now move to transfer the case to the United States District Court for the Western District of Pennsylvania.

## II. STANDARD OF REVIEW

Motions to transfer venue may be resolved pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1404. Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[4] The party seeking transfer pursuant to § 1406(a) "bears the burden of establishing affirmatively that venue is improper."[5]

Alternatively, § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[3] The Complaint alleges that Komatsu, Ltd. is a Japanese business located in Tokyo, Japan. Compl. at ¶ 3. It also asserts that the related entities Komatsu America Corporation, U.S. Komatsu, Inc., and Komatsu Mining Systems, Inc. are "foreign corporation[s]" with their principal places of business in Illinois. *Id.* at ¶¶ 8-12, 14. The remaining related entity, Komatsu America Manufacturing Corp., is alleged to be a foreign business entity with its principal place of business in Chattanooga, Tennessee. Last, the Complaint identifies H&E Equipment Services, Inc. as a foreign business entity with its principal place of business in Baton Rouge, Louisiana. *Id.* at ¶ 4.

[4] 28 U.S.C. § 1406(a).

[5] *Lomanno v. Black*, 285 F. Supp. 2d 637, 640-41 (E.D. Pa. 2003) (internal quotation marks and citation omitted).

where it might have been brought."[6]  "The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district."[7]  Unless otherwise provided by federal law, 28 U.S.C. § 1391(b) governs whether a particular venue is appropriate in a civil action wherein jurisdiction is founded only on diversity of citizenship, providing, in pertinent part, that:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[8]

If the first step is satisfied and venue is deemed proper in the transferee district, the court must then determine whether a transfer would promote the convenience of the litigation and the interests of justice.[9]  To do so, the court employs the analysis set forth in *Jumara v. State Farm Insurance*,[10] assessing the transfer motion in light of both private and public interests.[11]  At all times, "[t]he burden of establishing the need for transfer . . . rests with the movant . . . [a]nd, . . . the plaintiff's choice of venue should not be lightly disturbed."[12]

### III. ANALYSIS

#### A. Venue Is Not Proper in the Eastern District of Pennsylvania

The Court begins with determining whether venue would be proper in the Eastern District of Pennsylvania under § 1406(a).  Plaintiff contends that venue is proper here, but this contention

---

[6] 28 U.S.C. § 1404(a).

[7] *Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 284 (E.D. Pa. 2001).

[8] 28 U.S.C. § 1391(b).

[9] *Weber*, 155 F. Supp. 2d at 284 (citation omitted).

[10] 55 F.3d 873 (3d Cir. 1995).

[11] *Id.* at 879.

[12] *Id.* (internal quotation marks and citations omitted).

is unsupported and without merit. First, pursuant to § 1391(b)(1), venue in this action would not be proper in the Eastern District because Defendants do not "reside" here.[13] Residency of corporations for venue purposes is defined by § 1391(d), which states:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.[14]

Thus, for venue to be proper in the Eastern District, Defendants must have sufficient contacts within the district to subject it to personal jurisdiction, "as if the Eastern District were a separate state."[15] Accordingly, the Court "must conduct a personal jurisdiction analysis, treating [each Defendant] as a foreign corporation and the Eastern District of Pennsylvania as a state."[16] The personal jurisdiction analysis is governed by Pennsylvania's long-arm statute, which "provides for jurisdiction 'based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States.'"[17] Thus, for purposes of venue, Defendants must maintain minimum contacts with the Eastern District so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[18]

Personal jurisdiction can be specific or general.[19] "Where a cause of action arises from,

---

[13] 28 U.S.C. § 1391(b)(1).

[14] 28 U.S.C. § 1391(d).

[15] *Johnson v. Gabriel Bros., Inc.*, No. 13-7415, 2014 WL 2921652, at *2 (E.D. Pa. June 27, 2014).

[16] *ICA Group, LLC v. Taggart Group LLC,* No. 12-6156, 2013 WL 159936, at *1 (E.D. Pa. Jan. 15, 2013); *see also Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 443 (E.D. Pa. 1999) (characterizing the analysis for venue purposes as "a fictitious personal jurisdiction analysis").

[17] *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)).

[18] *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[19] *Id.*

4

or relates to, the defendant's contacts with the forum, specific jurisdiction exists."[20] Here, because no events associated with the litigation occurred within the Eastern District, there is no basis for the exercise of specific personal jurisdiction over Defendants.[21] General jurisdiction exists where a defendant has "continuous and systematic" contacts with the Eastern District so as "to render [it] essentially at home in the forum state."[22] Plaintiff only alleges that "Defendants, one, several or all, were regularly engaged in business in the City and County of Philadelphia."[23] This general allegation is insufficient to establish general jurisdiction for any Defendant in this case.

Second, under § 1391(b)(2), venue is improper in the Eastern District because a substantial part of the events giving rise to the claim did not occur within this district. In fact, none of the events giving rise to the claim occurred within this district, none of the subject property is located in this district, none of the parties reside in this district, none of the witnesses are in this district, and none of the evidence is in this district. Third, pursuant to § 1391(b)(3), venue is improper in the Eastern District because, as discussed above, it does not appear that Defendants are subject to personal jurisdiction in this district, and there are other districts in which the action may be brought. Thus, venue is improper in the Eastern District of Pennsylvania.

### B. Venue Is Proper in the Western District of Pennsylvania

The Court next considers whether venue would be proper in the Western District of Pennsylvania, the transferee district proposed by Defendants. As noted, § 1391(b)(2) provides

---

[20] *McMahon v. Arsenberger Trucking Co., Inc.*, No. 17-1242, 2017 WL 3740643, at *3 (E.D. Pa. Aug. 29, 2017) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

[21] *See id.*

[22] *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[23] Compl. at ¶ 24.

that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[24] The "substantial part" element "does not require that the majority of operative facts underlying a claim occur in one district, although events that are only tangentially connected to the action are not sufficient to establish proper venue."[25] In fact, multiple fora may be available if significant events or omissions occurred in various locations.[26] Since the accident occurred in the Southern District of Ohio, and Plaintiff was treated for his injuries in the Western District of Pennsylvania for an extended period of time, venue is proper in these districts.[27] Additionally, the Western District of Pennsylvania appears to be where the majority of the witnesses to the accident are located, where a large portion of construction of the pipeline project occurred, and where most of the documentary evidence, like medical records, is stored, supporting a finding of proper venue. The Court concludes that since venue would be proper in the Western District of Pennsylvania, the proposed transferee district, a transfer of venue analysis is appropriate under 28 U.S.C. § 1404(a).

### C. The *Jumara* Factors Permit Transfer to the Western District of Pennsylvania

Having determined that venue would be appropriate in the Western District of Pennsylvania, the Court must now employ the analysis established by the United States Court of Appeals for the Third Circuit in *Jumara* "to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer" to that

---

[24] 28 U.S.C. § 1391(b)(2).

[25] *Optimal Interiors, LLC v. HON Co.*, No. 09-1906, 2009 WL 3837409, at *3 (E.D. Pa. Nov. 13, 2009); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

[26] *Optimal Interiors, LLC,* 2009 WL 3837409, at *3.

[27] *See Holland v. Consolidated Freightways Corp.*, 99 F. Supp. 2d 570, 573 (E.D. Pa. 2000) (finding venue proper where the personal injury accident occurred); *see also Hameed v. AMC Network Ent. LLC*, No. 15-6427, 2017 WL 1658820, at *2 (D.N.J. May 1, 2017) (concluding that venue was proper in a personal injury action in the district where the plaintiff was hospitalized for an extended period of time and where the accident occurred).

district.[28] Under *Jumara*, the Court considers both public and private interests.[29] Public interests include: the "enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and, familiarity of the trial judge with the applicable state law in diversity cases."[30] Private interests include: "plaintiff's choice of venue; defendant's preference; where the claim arose; convenience of the witnesses to the extent they might be unavailable for trial in one of the fora; and, the extent to which records or other documentary evidence would be available for production."[31]

This Court finds that many of the public interest factors are neutral. A judgment entered in either district is readily enforceable against either party; courts in each district are familiar with the applicable state law; and neither forum appears to have a local policy that is particularly implicated by this case. However, practical considerations will make a trial in the Western District more convenient (*i.e.*, easy, expeditious, and inexpensive), since the accident occurred near the Western District, witnesses to the accident are presumably in or near the Western District, and many of Plaintiff's physicians and medical records are located in the Western District.

The Court also finds that private interests weigh in favor of transferring venue. While Plaintiff's preference is the Eastern District, Defendants' preference is the Western District. The remaining private interest factors strongly favor Defendants' choice of forum. For instance, the

---

[28] *Jumara*, 55 F.3d at 879 (citations omitted).

[29] *Id.*

[30] *Connors v. R&S Parts & Servs. Inc.*, 248 F. Supp. 2d 394, 395 (E.D. Pa. 2003) (citing *Jumara*, 55 F.3d at 879; *Williams v. Weis Markets, Inc.*, No. 01-4474, 2002 WL 80309, at *1 (E.D. Pa. Jan. 18, 2002)).

[31] *Id.*

claim arose near the Western District,[32] witnesses to the accident are in or near the Western District, and records, such as accident reports, police reports, investigative records, and medical records, are located in or near the Western District. As Defendants explain, "[b]y virtue of the fact that the alleged accident itself and Plaintiff's most substantial treatment occurred in or near the Western District of Pennsylvania, transferring this action to that District would greatly enhance the convenience to all witnesses who actually saw the alleged accident or its aftermath and/or provided medical treatment to Plaintiff during his extended hospital stay at UPMC."[33] Since Plaintiff has offered no persuasive "rationale for choosing a forum where he does not reside, where he was not treated for his injuries, and where the accident did not occur,"[34] this action will be transferred.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to transfer will be granted, and the case will be transferred to the United States District Court for the Western District of Pennsylvania. An appropriate order follows.

It is so **ORDERED**.

---

[32] Witnesses to the accident will likely be within the 100-mile subpoena power of the Western District. *See* Fed. R. Civ. P. 45(a)(1)(A).

[33] Defs.' Mot. at 7.

[34] *McMillan v. Weeks Marine, Inc.*, No. 02-6741, 2002 WL 32107617, at *2 (E.D. Pa. Dec. 2, 2002).